# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:03CV36-3-MU

| | |
|---|---|
| **JUAN C. SANTIAGO,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **SID HARKLEROAD,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner Juan C. Santiago's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1.) Also before the Court is the State's Motion for Summary on Summary Judgment (Document No. 8), the Petitioner's Cross Motion for Summary Judgment (Document No.10), the Government's response to Petitioner's Cross Motion for Summary Judgment (Document No. 11) and Petitioner's Reply Brief (Document No. 12.)

## I. Factual and Procedural Background

A review of the record reveals that Petitioner was indicted on January 19, 2000 for first degree sexual offense pursuant to N.C.G.S. 14-27.4(A)(1) and felonious child abuse pursuant to N.C.G.S. 14-318.4(a)(1) (Ex. 1, pg. 9-10.) On March 6, 2000 Petitioner appeared in the Superior Court for Madison County for entry of a guilty plea to felonious child abuse. The plea was rejected by the court. (Ex. 1, pg. 13.) On April 10, 2000 Petitioner was re-indicted for felonious child abuse

1

pursuant to N.C.G.S. 14-318.4(a)(3) (Ex. 1, pg. 19.) On that same day, Petitioner plead guilty to felony child abuse in cases 99 CRS 2486-87 and 00 CRS 716. This pleas was accepted by the Court (Ex. 1, pg 23-25.) On April 15, 2000, Judge Caviness entered an order striking the plea because Petitioner had plead guilty to a Class C felony child abuse inflicting serious bodily injury under N.C.G.S. 14-318.4(a)(3), but the effective date of that statute was December 1, 1999 whereas the date of Petitioner's offense was November 20, 1999 (Ex. 1, pg. 27.)

On May 19, 2000, the court granted Defendant's motion for a change of venue and the case was transferred to Yancey County for trial (Ex. 1, pg 30.) On June 15, 2000, in Yancey County, Petitioner was convicted of first degree sexual offense pursuant to N.C.G.S. 14-27.4(A)(1), (Ex. 1, pg. 51), and felony child abuse pursuant to N.C.G.S. 14-318.4(a)(1) (Ex. 1, pg 47.) Petitioner was sentenced to 300-369 months imprisonment on the first degree sexual offense conviction and a consecutive 31-37 months imprisonment on the felony child abuse conviction.

On December 6, 2001 the North Carolina Court of Appeals affirmed Petitioner's conviction and sentence. On November 15, 2002, Petitioner's Motion for Appropriate Relief ("MAR") was denied and on December 31, 2002 the North Carolina Court of Appeals denied Petitioner's Writ of Certiorari. Petitioner filed the instant federal habeas Petition on February 13, 2003 alleging that his conviction was obtained in violation of double jeopardy, due process and equal protection and that his trial counsel and appellate counsel were ineffective.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

## II. Analysis

### A. Petitioner's Double Jeopardy Claim

Petitioner pleaded guilty on April 10, 2000. Five days later, on April 15, 2000, Judge Caviness entered an order striking the plea because Petitioner had plead guilty to a Class C felony

3

child abuse inflicting serious bodily injury under N.C.G.S. 14-318.4(a)(3), but the effective date of that statute was December 1, 1999 whereas the date of Petitioner's offense was November 20, 1999. Petitioner contends that his subsequent trial on the same charges amounted to double jeopardy because when the court accepted his plea, evidence was presented causing jeopardy to attach.

Petitioner presented this claim in his MAR. Judge Baker denied Petitioner's claim on the merits by stating, "The Court, having considered the allegations contained in the motion and the case filed, finds as a fact that the motion sets forth no probable grounds whatsoever for the relief request either in law or in fact." (See Order of Summary Dismissal on MAR.) This denial on the merits was correct and reasonable.

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." United States Constitution, Amendment V. The Double Jeopardy Clause prevents states from "making repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." Green v. United States, 355 U.S. 184, 187-188 (1957). "The United States Supreme Court has held many times that the Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal' (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. United States v. Burns, 29 F.Supp. 2d 318 (4th Cir. 1998). However, the Supreme Court has "consistently recognized that the finality guaranteed by the Double Jeopardy Clause is not absolute, but instead must accommodate the societal interest in prosecuting and convicting those who violate the law." Garrett v. United States, 471 U.S. 773 (1985). Where the court reverses a case for trial

4

error, as opposed to evidentiary insufficiency it "is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect." Burks v. United States, 437 U.S. 1 (1978). A retrial because of an error in the judicial process does not violate the double jeopardy clause, for the accused as well as society has a strong interest in obtaining a fair readjudication to determine a defendant's guilt or innocense free from error. Id. See also Klobuchir v. Pennsylvania, 639 F.2d 966, 970 (3d Cir.) (Double jeopardy does not prevent subsequent prosecution after guilty plea was vacated because jeopardy had not attached), cert. denied, 454 U.S. 1031 (1981). Even where judgment has been entered on a guilty plea, as is the case here, there is no double jeopardy bar to a subsequent prosecution on the same charge if the earlier guilty plea was set aside. See United States v. Whitley, 759 F.2d 327, 332 (4th Cir. 1985) (en banc).

Here, Petitioner plead to a Class C felony child abuse inflicting serious bodily injury under N.C. G.S. 14-318.4(a)(3). Five days after the plea was entered, the court determined that the plea was invalid because the statute under which defendant plead had not taken effect on the date of the alleged offense. The process under which Petitioner was "convicted" pursuant to his guilty plea was defective because the statute under which he plead was not effective on the date of the alleged offense. Jeopardy had not attached because Petitioner could not have been found guilty of a crime pursuant to a statute which was not effective at the time of the alleged offense.

After the court discovered the error, Petitioner was then convicted by a jury of first degree sexual offense and felony child abuse. Petitioner was sentenced to 300-369 months on first degree sexual offense of a child and 31-37 months imprisonment on felony child abuse.

The denial on the merits of this claim by the MAR court was correct and reasonable. Such a review on the merits is entitled to application of the Antiterriorism and Effective Death Penalty Act

("AEDPA") standard of review. Weeks v. Angelone, 176 F.3d 249 (4th Cir. 1999), affirmed, 528 U.S. 225 (2000). The MAR court's adjudication on the merits was not "contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." Williams v. Taylor, 529 U.S. 362 (2000). There is no requirement that the state court specifically cite United States Supreme Court precedent in its order, so long as its ultimate adjudication is not contrary to, nor involves as unreasonable application of clearly established federal law. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.)("[T]he phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion.", cert. Denied, 119 S.Ct (1999). Petitioner's double jeopardy claim is without merit and is also denied pursuant to § 2254(d)(1) and (2).

**B. Petitioner's Due Process and Equal Protection Claim**

Next, Petitioner claims that his conviction was obtained in violation of due process and equal protection[1]. More specifically, he claims that the court lacked the power to vacate his guilty plea because it had already been unconditionally accepted. Although in his Motion to Vacate, Petitioner mentions that his counsel should have sought to have the trial judge recused because by vacating Petitioner's plea he "implement[ed] working knowledge, and personal knowledge of the case pre-jury, causing impartiality to become questionable ..." (Motion to Vacate), Petitioner later clarified his position in his cross motion for summary judgment explaining that "Petitioner's argument here is not recusal, but that the trial court abused its discretion when it had not [sic] absolute discretion to strike the guilty plea..." (Cross Motion for Summary Judgment at 8.) Petitioner's argument then is that his

---

[1] The Petitioner never explains how his right to equal protection was violated. "Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992).

due process rights were violated when the court vacated his guilty plea which was made pursuant to a statute that was not in effect at the time of the offense. The Fourteenth Amendment commands that 'no State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." While the Court is not making light of Petitioner's argument, the Court is not aware of any case law which indicates that a person has a "liberty" interest in an invalid plea that was corrected. The trial judge had no choice but to vacate the guilty plea once the court learned that the statute under which Petitioner plead was not in effect at the time of the offense. This claim is without merit and is dismissed.

**C. Petitioner's Ineffective Assistance of Counsel Claim**

Petitioner argues that both his trial counsel and his appellate counsel were ineffective. He argues that his trial counsel was ineffective for failing to realize that the plea he entered into on April 10, 2000 was unlawful.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this

burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Here, even if this Court were to assume that counsel's performance were deficient for failing to realize the statute to which Petitioner plead guilty was not in effect at the time of the offense, which this Court will not do, Petitioner has failed to establish any prejudice. Once the guilty plea was vacated, Petitioner was returned to the same place he would have been had there been no plea offered. He has established that he was facing less time under the terms of the plea than he is now serving after being convicted by a jury, however that is often the case when defendants accept a plea. This in and of itself does not establish prejudice. To establish ineffective assistance of counsel, a petitioner must satisfy both prongs of the Strickland test, which Petitioner has not done.

Moreover, the MAR court adjudicated this claim on the merits and its decision is not contrary to nor an unreasonable application of clearly established law under Strickland. Therefore, Petitioner's claim that his counsel was ineffective is dismissed.

Next, Petitioner argues that his appellate counsel was ineffective for failing to argue on direct appeal the contentions that Petitioner raised in his pro se MAR.

Although defendants have a right to counsel on direct appeal, an attorney is not required to

8

present all issues that may have merit on appeal. See Smith v. Robbins, 528 U.S. 259 (2000). In preparation of an appeal, it is equally important that an attorney "examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983). In fact, focusing on an issue that has a better chance of winning and eliminating the weaker argument is an indication of an effective attorney. See, Smith v. Murray, 477 U.S. 527 (1986).

Like all ineffective assistance of counsel claims, this claim is governed by the two-part test outlined in Strickland. Here, Petitioner has not shown how he was harmed by appellate counsel's alleged failure to raise certain claims. In fact, the claims he would have liked appellate counsel to have raised were unsuccessful when he raised them himself in his MAR. Moreover, this Court "must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000) (quoting Pruett v. Thompson, 996 F.2d 1560 (4th Cir. 1993).

Petitioner has not established that his counsel's performance was deficient or that he was prejudiced by counsel's alleged deficient performance; therefore he has not met the two-part test outlined in Strickland. Moreover, the MAR court adjudicated this claim on the merits and and its decision is not contrary to nor an unreasonable application of clearly established law under Strickland.

Therefore, Petitioner's claim of ineffectiveness is also denied pursuant to § 2254(d) and (e). See Williams v. Taylor, 529 U.S. 362, 409-412 (2000).

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is Denied and Dismissed. The State's Motion for

Summary Judgment (Document No. 8) is <u>Granted</u> and Petitioner's Cross Motion for Summary Judgment (Document No. 10) is <u>Denied</u>.

**SO ORDERED.**

Signed: January 31, 2006

Graham C. Mullen
United States District Judge